FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

2016 AUG 10  P 3: 55

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **MARIA E. CONRAD,** | * | |
| Appellant, | * | |
| | * | |
| v. | * | Case No.: GJH-16-180 |
| | * | |
| **ROGER SCHLOSSBERG,** | * | |
| Appellee. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Appellant Maria E. Conrad, the Debtor in the underlying bankruptcy case (the "Debtor"),

appeals the January 4, 2016 order of the Bankruptcy Court, sustaining the objection to the

Debtor's claim of exempt property filed by Roger Schlossberg, the Chapter 7 Trustee of the

Debtor's bankruptcy estate (the "Trustee"). Oral argument is not necessary to resolve the present

appeal. *See* Fed. R. Bankr. P. 8013(c); *see also* Loc. R. 105.6 (D. Md.). For the reasons that

follow, the Court affirms the Bankruptcy Court's order sustaining the Trustee's objection.

## I.      BACKGROUND

Prior to filing for bankruptcy, on August 27, 2009, the Debtor entered a plea agreement

acknowledging her guilt to conspiracy under 18 U.S.C. § 1349 for her involvement in a mortgage

fraud scheme in Criminal Case No. 09-CR-374-GBL-1 in the United States District Court for the

Eastern District of Virginia. *See* ECF No. 3-6. As part of her plea agreement, the Debtor agreed

to the entry of a restitution judgment in the full amount of the losses sustained by the victims of

the fraudulent scheme. *Id.* at 7.[1] On December 4, 2009, the Debtor was sentenced to pay, as restitution, the sum of $838,004.60 (the "Restitution Judgment"). ECF No. 3-7 at 1.

On June 24, 2015, the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. *See* ECF No. 3-1. Among her debts, the Debtor listed the United States of America as an unsecured creditor holding an undisputed claim for $838,004.60—the full amount of the Restitution Judgment. *Id.* at 17. The Parties agree that the United States has recorded the Restitution Judgment in Charles County, Maryland. *See* ECF No. 7 at 6 n.2; ECF No. 12 at 6.

The Debtor listed among the assets of her bankruptcy estate certain real property located in Waldorf, Maryland (the "Property") which she owns in a joint tenancy by the entirety with her non-debtor husband, Timothy W. Conrad. *Id.* at 6, 8. The Debtor listed the Property as having an unencumbered value of $227,447, *id.* at 8, but she claimed the Property as an exempt asset under 11 U.S.C. § 522(b)(3)(B), *id.* at 12.

On August 25, 2015, the Trustee filed an objection to the Debtor's claim of exempt property, in which he argued that the Property was not exempt from administration by the Trustee to satisfy the Restitution Judgment entered against the Debtor. ECF No. 3-2. The Debtor filed an opposition to the Trustee's objection on September 22, 2015, as well as a supplemental memorandum on December 5, 2015. ECF Nos. 3-18, 3-20.

On December 21, 2015, the Bankruptcy Court held a hearing on the Trustee's objection, *see* ECF No. 3-28 at 3, and, on January 4, 2016, issued a memorandum opinion and order sustaining the Trustee's objection, ECF Nos. 3-25, 3-26; *see also In re Conrad*, 544 B.R. 568, 571 (Bankr. D. Md. 2016). On January 19, 2016, the Debtor filed a Notice of Appeal from that Order in this Court. ECF No. 1.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II.     STANDARD OF REVIEW

The Court hears this bankruptcy appeal under 28 U.S.C. § 158(a). Parties of bankruptcy cases can appeal orders that dispose of discrete disputes within the larger case. *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). In this case, the Property exemption issue is appealable as it was completely resolved by the Bankruptcy Court. Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). On appeal from the Bankruptcy Court, this Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).

## III.    DISCUSSION

Section 541 of the Bankruptcy Code defines the property of a debtor that becomes the property of the bankruptcy estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor may exempt certain property from the bankruptcy estate, however, in accordance with Section 522 of the Bankruptcy Code. Pursuant to that section, where a debtor's property is held as "an interest as a tenant by the entirety or joint tenant," that property is exempt from process in a bankruptcy proceeding "to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B).

Under Maryland law, where the Debtor's property is located, a debtor's creditors cannot "levy upon nor sell a debtor's undivided interest in entireties property to satisfy debts owed solely by the debtor." *In re Bell-Breslin*, 283 B.R. 834, 837 (Bankr. D. Md. 2002); *see also Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2004) (citing *Bruce v. Dyer*, 524 A.2d 777,

3

781 (Md. 1987)) ("While both spouses are alive, a tenancy by the entireties may only be severed by divorce or joint action by both spouses."). Thus, in an ordinary case applying Maryland law as "applicable nonbankruptcy law," there is no question that entireties property may be exempted from the bankruptcy estate. *See Barney*, 380 F.3d at 178.

Here, however, the Trustee argues that because a restitution judgment was entered against the Debtor, making the United States a creditor of the bankruptcy estate, the Property is not exempt from process. *See* ECF No. 12 at 10–14. In support of his position, the Trustee relies principally on *United States v. Craft*, 535 U.S. 274, 122 S. Ct. 1414 (2002), in which the United States Supreme Court held that, pursuant to 26 U.S.C. § 6321, a federal tax lien can attach to property held in a tenancy by the entirety to satisfy the debt of only one spouse. *See* ECF No. 12 at 11–16. Under § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." In *Craft*, the Court considered whether a husband's interest in entireties property constituted "property" or "rights to property" for purposes of § 6321. *See Craft*, 535 U.S. at 278. The Court initially observed that § 6321 "itself creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *Id.* The Court accordingly began its analysis by considering what rights existed under the relevant state law—there, Michigan law—with respect to entireties property, and then turned to a determination of whether those rights qualified as "property" or "rights to property" for purposes of the federal tax lien statute. *Id.* at 278–89.

Under Michigan law, the husband's right in entireties property included important rights in the so-called "bundle of sticks" of property ownership, including the right to use the property, the right to exclude third parties from it, and the right to a share of income produced from it. *Id.*

4

at 282. Turning to the federal question respecting whether the rights granted under Michigan law constituted "property" or "rights to property" under § 6321, the Supreme Court noted that "[t]he statutory language authorizing the tax lien is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Id.* at 283 (citation and internal quotation marks omitted). Indeed, "[s]tronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Id.* (citation and internal quotation marks omitted). The court therefore concluded that the property rights associated with a tenancy by the entireties under Michigan law fell within the broad statutory language of "property" or "rights to property" under § 6321. *Id.* Thus, the husband's interest in entireties property was subject to attachment of the tax lien that arose from his sole unpaid tax obligation. *Id.* at 288.

The Supreme Court also recognized in *Craft* that a different result would be reached under Michigan law insofar as state law creditors would be unable to attach entireties property to satisfy debts owed by only one spouse. *Id.* But the court concluded that state law did not dictate their decision: "The interpretation of 26 U.S.C. § 6321 is a federal question, and in answering that question we are in no way bound by state courts' answers to similar questions involving state law. As we elsewhere have held, 'exempt status under state law does not bind the federal collector.'" *Id.* (quoting *Drye v. United States*, 528 U.S. 49, 59 (1999)); *see also In re Hutchins*, 306 B.R. 82, 90 (Bankr. D. Vt. 2004) ("While federal courts had historically deferred to the special status of tenancies by the entirety under state law, the high court made clear [in *Craft*] that going forward federal courts should rely on federal law when construing the extent of liens created under federal law . . . .").

Like the provision permitting the attachment of a tax lien under § 6321, the enforcement scheme for restitution judgments provides that "[n]otwithstanding any other Federal law . . . , a

judgment imposing a fine may be enforced *against all property or rights to property* of the

person fined," subject to certain exceptions not applicable here. 18 U.S.C. § 3613(a) (emphasis

added). The statute further provides that an order of restitution "is a lien in favor of the United

States on all property and rights to property of the person fined *as if the liability of the person

fined were a liability for a tax assessed under the Internal Revenue Code of 1986*" and that such

a lien "arises on the entry of judgment . . . ." § 3613(c) (emphasis added). Additionally, any such

lien is not dischargeable in bankruptcy. § 3613(e).

As the Bankruptcy Court recognized, "[t]here is no meaningful difference between [the

language of § 3613(a)] and the language in 26 U.S.C. § 6321," which both provide that a lien

may be enforced "against all property or rights to property." *Conrad*, 544 B.R. at 572–73. The

Bankruptcy Court also correctly noted that the Supreme Court described the tax lien statute as

"'broad' and intended 'to reach every interest' that a person might have." *Id.* at 573 (quoting

*Craft*, 535 U.S. at 283). Perhaps more importantly, the restitution judgment provision explicitly

provides that a restitution judgment creates a lien in favor of the United States "as if the liability

of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."

18 U.S.C. § 3613(c). Even further:

> Under 18 U.S.C. § 3613(a), a restitution judgment may be enforced against all
> property or rights to property of the person fined except that "property exempt
> from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8),
> (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from
> enforcement. . . ." 18 U.S.C. § 3613(a). . . . Under 18 U.S.C. § 3613(d), upon the
> filing of the notice of lien "in the manner in which a notice of tax lien would be
> filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986" the
> lien shall be valid against purchasers, holders of security interests and the like
> "except with respect to properties or transactions specified in subsection (b), (c),
> or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of
> tax lien properly filed on the same date would not be valid." 18 U.S.C. § 3613(d).
> Section 3613(d) also provides that "[t]he notice of lien shall be considered a
> notice of lien for taxes payable to the United States for the purpose of any State or
> local law providing for the filing of a notice of a tax lien." *Id.*

*Conrad*, 544 B.R. at 573. Congress could not have stated more clearly that it intended that a restitution judgment enforced pursuant to § 3613 would be treated in the same manner as a tax lien pursuant to § 6321.[2]

Additionally, the Parties here recognize that the rights of a tenant by the entireties under Maryland law are the same as those under Michigan law, the state law applicable in *Craft*. *Id.* at 573. The Court therefore concludes that the Supreme Court's reasoning in *Craft* applies with respect to the restitution judgment at issue in this case, and thus, a lien in favor of the United States attaches to the Debtor's entireties property.

Although neither Party has pointed the Court to a case presenting the precise factual background as that presented by this case—*i.e.*, where a debtor in bankruptcy who has had a restitution judgment entered against her seeks to exempt entireties property from her bankruptcy estate—multiple courts have interpreted § 3613 in the same manner as this Court and as the Bankruptcy Court did below. *See, e.g.*, *United States v. De Cespedes*, 603 F. App'x 769, 772 (11th Cir. 2015) (relying on *Craft* and holding that husband, against whom the United States had obtained a restitution judgment, "had an equitable interest in [entireties] property to which the restitution lien attached"); *United States v. Godwin*, 446 F. Supp. 2d 425, 427 (E.D.N.C. 2006) (concluding that the "same principles [enunciated in *Craft*] apply to interpreting 18 U.S.C. § 3613(c)"); *United States v. McArthur*, 7 F. Supp. 3d 1220, 1223–24 (S.D. Ala. 2014) (footnote omitted) ("[B]ecause 18 U.S.C. § 3613 confers the same enforcement rights on [the Government] in the context of a criminal restitution order that a tax lien would confer on the IRS, the

---

[2] For this reason, the Court is unpersuaded by the Debtor's reliance on *In re Fairweather*, 515 B.R. 208 (Bankr. D. Md. 2014), in which the court concluded that the word "debt" as used in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* was not to be interpreted in the same manner as the same word used in a different statute that had a different purpose. *See Fairweather*, 515 B.R. at 516–17. Unlike here, the statutory provisions at issue in *Fairweather*, did not include a cross-reference to the other statute at issue indicating that the two statutes were intended to apply the same meaning to the word "debt."

Government likewise is entitled to divide and execute on [the defendant's] property rights . . . , despite its status as entireties property.");*United States v. Becker*, No. 4:03 CV 1602, 2005 WL 6120994, at *6 (E.D. Mo. Sept. 25, 2005) (rejecting defendant's argument that the reasoning of *Craft* is limited to tax liens and applying reasoning of *Craft* to the enforcement of restitution judgments under 18 U.S.C. § 3613); *Hutchins*, 306 B.R. at 91 (citing 18 U.S.C. § 3613(c)) ("Although *Craft* dealt only with tax liens, Congress has unequivocally stated that criminal fines are to be treated in the same fashion as federal tax liabilities."); *cf. United States v. Abdelhadi*, 327 F. Supp. 2d 587, 601 (E.D. Va. 2004) (citing *Craft*, 535 U.S. at 288) (observing that defendant's ownership of "his Maryland home as a joint tenant by the entirety with his wife would not necessarily preclude the government from levying that property to satisfy the order of restitution").

Additionally, although not directly on point, the reasoning of *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985) is instructive. In that case, the debtor listed certain unsecured claims in his bankruptcy petition, including $1,474.78 in debts incurred jointly with his non-filing wife. *Id.* There, as here, the debtor sought to exempt from his bankruptcy estate, pursuant to § 522, certain entireties property that he jointly owned with his non-debtor spouse. *Id.* at 922. The trustee objected to the claimed exemption, and, after the bankruptcy court sustained the trustee's objection, the district court reversed the bankruptcy court and the matter was ultimately appealed to the United States Court of Appeals for the Fourth Circuit. *Id.* In looking to Maryland law as the "applicable nonbankruptcy law," the Fourth Circuit noted that, although creditors of one spouse may not reach entireties property for satisfaction of their claims, "[t]he opposite is true for creditors to whom both spouses are obligated. '[A] judgment obtained against both husband and wife arising out of a joint obligation may be satisfied by execution upon property held by the

entireties.'" *Id.* at 925 (quoting *State v. Friedman*, 393 A.2d 1356, 1359 (Md. 1978)). Thus, the Court held that "to the extent the debtor and the nonfiling spouse are indebted jointly, property owned as a tenant by the entireties may not be exempted from an individual debtor's bankruptcy estate . . . and the trustee may administer such property for the benefit of the joint creditors." *Id.* at 932. In other words, as one court aptly described, "[i]n *Sumy*, the Fourth Circuit held that if there were *actual creditors* that under a non-bankruptcy law could reach the debtor's tenant by the entirety interest in the property, objection to that exemption would be sustained but only to the extent of the claims of such actual creditors." *In re Greathouse*, 295 B.R. 562, 566 (Bankr. D. Md. 2003) (emphasis added). Here, the United States is one such "actual creditor," *id.*, that, pursuant to 18 U.S.C. § 3613, can reach the Debtor's entireties interest in the Property.

In her appeal to this Court, the Debtor relies principally on *Schlossberg v. Barney*, 380 F.3d 174 (4th Cir. 2004) in arguing that her entireties property is exempt from process.[3] ECF No. 7 at 7–8. In that case, the trustee of a bankruptcy estate, relying on *Craft*, argued that the so-called "strong arm clause" under Section 544 of the Bankruptcy Code allowed the trustee to assert the rights of the IRS as a hypothetical creditor to reach the debtor's interest in entireties property for the benefit of her individual creditors. *See id.* at 177. The strong arm provision provides that a bankruptcy trustee "shall have, as of the commencement of the case, . . . the rights and powers of . . . a creditor that extends credit to the debtor at the time of the commencement of the case . . . whether or not such a creditor exists." 11 U.S.C. § 544(a)(2). The Fourth Circuit noted that, unlike in *Sumy*, the entireties property at issue in *Barney* was not

---

[3] The Trustee argues that the Court cannot consider the Debtor's argument in this regard because she did not cite *Barney* in her briefs before the Bankruptcy Court, ECF No. 12 at 19–20, but the Debtor indicates that the case was raised during oral argument before the Bankruptcy Court, *see* ECF No. 13 at 3; ECF No. 14. Although the Debtor has failed to comply with the Court's Order permitting her to supplement the bankruptcy record to provide the transcript of that proceeding, ECF No. 15, for the reasons explained herein, even assuming the Debtor properly preserved this argument, it would not change the result in this case.

subject to claims by joint creditors of the debtor and the non-filing spouse. *Barney*, 380 F.3d at 178. Additionally, the Fourth Circuit held that the IRS was not a "creditor that extends credit" as required by the strong arm clause of § 544, and, accordingly, the trustee could not rely on that provision to reach the debtor's entireties property. *Id.* at 180–81. The Court further noted that, even if the court considered the IRS to be a "creditor that extends credit," there was no reason to believe that in enacting § 544 "Congress intended a bankruptcy trustee to wield the extraordinary collection powers of the federal government." *Id.* at 181.

The Trustee here does not rely on § 544 and *Barney* is therefore inapposite. Here, unlike in *Barney*, where no tax lien was in place, the United States government is an actual creditor, not a hypothetical one. As of the date of the entry of judgment in the Debtor's criminal proceeding, the United States obtained a lien on "all property or rights to property" owned by the Debtor. 18 U.S.C. § 3613(a), (c). And that lien is to be enforced "as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." § 3613(c). Because the Supreme Court has already determined that a tax lien may attach to entireties property, notwithstanding any protections afforded to such property interest under state law, *Craft*, 535 U.S. at 288, where, as here, the United States has become a creditor to a bankruptcy estate pursuant to § 3613, any entireties property is not exempt from process in the bankruptcy proceeding. In other words, under "applicable nonbankruptcy law," 11 U.S.C. § 522(b)(3)(B), the Debtor's interest as a tenant by the entirety is not exempt from process, and the Bankruptcy Court properly sustained the Trustee's objection to the Debtor's claimed exemption.

## IV.    CONCLUSION

For the foregoing reasons, the Order of the Bankruptcy Court is affirmed. A separate

Order follows.


Dated: _August  10_, 2016

GEORGE J. HAZEL
United States District Judge

11